UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIRIAM FULD, et al.,

                                        Plaintiffs,

-against-

THE PALESTINE LIBERATION
ORGANIZATION and THE PALESTINIAN
AUTHORITY,

                                        Defendants.

---

Case No.: 20-cv-3374 (JMF)

**ORAL ARGUMENT REQUESTED**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS OF DEFENDANTS THE PALESTINE LIBERATION
ORGANIZATION AND THE PALESTINIAN AUTHORITY**

**SQUIRE PATTON BOGGS (US) LLP**
Gassan A. Baloul
Mitchell R. Berger
2550 M Street NW
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

Joseph S. Alonzo
1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys    for    Defendants    Palestine
Liberation   Organization   and   Palestinian
Authority*

January 18, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT .........................................................................................................................2

I.     THIS COURT SHOULD DEFER RULING ON PSJVTA ISSUES PENDING
FURTHER PROCEEDINGS IN *SOKOLOW*. ...........................................................2

II.    PLAINTIFFS FAIL TO PLAUSIBLY STATE A CLAIM UNDER THE ATA. ...................4

      A.     Plaintiffs Do Not Plausibly Allege Proximate Cause. ........................................... 5

      B.     Plaintiffs Do Not Plausibly Allege that Defendants Engaged in Acts that
"Involve Violence or Endanger Human Life." ...................................................... 6

      C.     Plaintiffs Do Not Plausibly Allege a Required Predicate Criminal Act. .............. 7

III.   PLAINTIFFS FAIL TO ALLEGE AIDING AND ABETTING OR CONSPIRACY. ..........8

IV.   THE NON-FEDERAL CLAIMS MUST BE DISMISSED BECAUSE
DEFENDANTS ARE UNINCORPORATED ASSOCIATIONS AND LACK
CAPACITY TO BE SUED. ............................................................................................9

V.    PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED BUT-FOR CAUSATION, AS
REQUIRED FOR A NEGLIGENCE CLAIM UNDER ISRAELI LAW...........................10

VI.   PLAINTIFFS' NINTH AND TENTH CLAIMS MUST BE DISMISSED..........................10

CONCLUSION ....................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. State*,
No. 01-17-00320-CR, 2018 Tex. App. LEXIS 5524 (Houston 1st Dist. July 19, 2018) ................................................................................................................8

*Boim v. Holy Land Found. For Relief and Dev.*,
549 F.3d 685 (7th Cir. 2008) (*en banc*) ...........................................................7

*In re Chiquita Brands Int'l, Inc.*,
284 F. Supp. 3d 1284 (S.D. Fla. 2018) ..........................................................7-8

*CutCo Indus. v. Naughton*,
806 F.2d 361 (2d Cir. 1986).............................................................................4

*Freeman v. HSBC Holdings PLC*,
413 F. Supp. 3d 67 (E.D.N.Y. 2019) ..............................................................5

*Goldberg v. UBS AG*,
660 F. Supp. 410 (E.D.N.Y. 2009) .................................................................7

*Klinghoffer v. S.N.C. Achille Lauro*,
739 F. Supp. 854 (S.D.N.Y. 1990), *vacated and remanded on other grounds*,
937 F.2d 44 (2d Cir. 1991)...........................................................................9-10

*Klinghoffer v. S.N.C. Achille Lauro*,
937 F.2d 44 (2d Cir. 1991)..............................................................................9

*Linde v. Arab Bank PLC*,
882 F.3d 314 (2d Cir. 2018)..........................................................................6-7

*People v. Acardi*,
79 A.D.2d 845 (N.Y. App. Div. 4th Dep't 1980) ...........................................8

*People v. Agnello*,
165 Misc. 2d 855 (N.Y. City Ct. 1995) ..........................................................8

*People v. La Belle*,
18 N.Y.2d 405 (N.Y. 1966) .............................................................................8

*Rothstein v. UBS AG*,
772 F. Supp. 2d 511 (S.D.N.Y. Jan. 3, 2011) .................................................7

*Rothstein v. UBS AG*,
708 F.3d 82 (2d Cir. 2013) ..............................................................................5

*Shatsky v. PLO*,
  955 F.3d 1016 (D.C. Cir. 2020) ................................................................................6

*Shatsky v. PLO*,
  No. 02-2280, 2017 U.S. Dist. LEXIS 94946 (D.D.C. June 20, 2017), *vacated and remanded for dismissal on other grounds*, 955 F.3d 1016 (D.C. Cir. 2020) ....................6

*Sokolow v. PLO*,
  60 F. Supp. 3d 509 (S.D.N.Y. 2014) ...............................................................2, 6, 9

*Strauss v. Crédit Lyonnais, S.A.*,
  379 F. Supp. 3d 148 (E.D.N.Y. 2019) ........................................................................7

*Waldman v. PLO*,
  835 F.3d 317 (2d Cir. 2016) ("*Waldman I*"), *cert. denied sub nom, Sokolow v. PLO*, 137 S. Ct. 2319 (2017) ...................................................................................2, 9

*Wultz v. Islamic Republic of Iran*,
  755 F. Supp. 2d 1 (D.D.C. 2010) ..............................................................................10

**Statutes**

18 U.S.C. § 373 .................................................................................................................8

18 U.S.C. § 2101 ...............................................................................................................8

18 U.S.C. § 2331 ...........................................................................................................6-7

18 U.S.C. § 2333 .......................................................................................................4, 7, 8

Alabama Code § 13A-4-1 ..................................................................................................8

N.Y. Penal L. § 20.00 ........................................................................................................8

N.Y. Penal L. § 100.00-0.15, ............................................................................................8

N.Y. Penal L. § 115.00 ......................................................................................................8

N.Y. Penal L. § 120.20 ......................................................................................................8

N.Y. Penal L. § 125.10 ......................................................................................................8

N.Y. Penal L. § 125.15 ......................................................................................................8

N.Y. Penal L. § 125.25 ......................................................................................................8

N.Y. Penal L. § 145.25 ......................................................................................................8

N.Y. Penal L. § 240.08 ...................................................................................................8

Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA") ...................... 1-4

Texas Criminal Code § 7.02 ...........................................................................................8

**Rules**

Fed. R. Civ. P. 12 ...................................................................................................2, 4, 6

N.Y. C.P.L.R. § 1023 ....................................................................................................9

N.Y. C.P.L.R. § 1025 ....................................................................................................9

 **Other Authorities**

4 *Wright & Miller*, Fed. Prac. & Proc. Civ. § 1067.6 (4th ed.) .......................................4

5C *Wright & Miller*, Fed. Prac. & Proc. § 1373 (3d ed.) ................................................4

## PRELIMINARY STATEMENT

Plaintiffs have not plausibly alleged that the Defendants, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), are responsible for the terrorist attack (the "Attack") that gives rise to Plaintiffs' claimed injuries. Plaintiffs' Amended Complaint ("Am. Compl.", ECF #21) does not allege that Defendants had advance knowledge of the Attack or that Defendants employed, controlled, directed, or had <u>any contact or communications whatsoever</u> with the person who committed the Attack. Nor are Plaintiffs' allegations regarding social welfare payments made by Defendants, and a speech by the PA's President relating to the Al-Aqsa Mosque, sufficient to state Plaintiffs' Anti-Terrorism Act ("ATA") or common-law claims, because Plaintiffs do not plausibly allege that the attacker ("Jabarin") was even aware of the payments or the speech, let alone that they motivated him to commit the Attack.

Plaintiffs' brief in opposition to the motion to dismiss ("Opposition" or "Opp.," ECF #29) confirms that they allege personal jurisdiction over Defendants based solely on the Promoting Security and Justice for Victims of Terrorism Act of 2019 (the "PSJVTA"). Statutory-construction and constitutional challenges to application of the PSJVTA soon will be the subject of proceedings before the Second Circuit following briefing before Judge Daniels in *Sokolow (Waldman) v. PLO*, No. 1:04-cv-0397-GBD (S.D.N.Y.). Plaintiffs' jurisdictional allegations here implicate the same PSJVTA issues. Indeed, Plaintiffs' Opposition makes clear that there are no case-specific PSJVTA issues here because the PSJVTA arguments in the Opposition rely heavily (if not exclusively) on the *Sokolow* record and the *Sokolow* plaintiffs' opening brief on the PSJVTA to Judge Daniels. Accordingly, this Court can and should defer ruling on PSJVTA issues pending the Second Circuit's determination of the same issues in *Sokolow*.

Separate from the jurisdictional issues, Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs' ATA claim fails because Plaintiffs do not plausibly allege, as required for an ATA primary-liability claim:

- That Defendants proximately caused Plaintiffs' injuries.

- That Defendants' own acts involved violence or endangered human life; or

- That Defendants committed any predicate criminal offense.

Plaintiffs' non-federal claims also should be dismissed because:

- Defendants are "unincorporated associations that lack the capacity to be sued under New York law as to Plaintiffs' non-federal claims." *See Sokolow v. PLO*, 60 F. Supp. 3d 509, 523-24 (S.D.N.Y. 2014) (collecting cases); *Waldman v. PLO*, 835 F.3d 317, 332 (2d Cir. 2016) ("*Waldman I*"), *cert. denied sub nom*, *Sokolow v. PLO*, 137 S. Ct. 2319 (2017).

- Plaintiffs fail to state a claim for civil conspiracy, negligence, vicarious liability/respondeat superior, and inducement.

## ARGUMENT

## I. THIS COURT SHOULD DEFER RULING ON PSJVTA ISSUES PENDING FURTHER PROCEEDINGS IN *SOKOLOW*.

Plaintiffs' Opposition confirms that the PSJVTA is the sole basis on which Plaintiffs allege personal jurisdiction over Defendants. *See* Opp. at 7 (alleging that "Plaintiffs have made a prima facie demonstration of personal jurisdiction under the PSJVTA"). Moreover, Plaintiffs do not assert any PSJVTA-relevant facts that are unique to this case—nor could they, given that the Mustafa Declaration (ECF #17-2) confirms that Defendants have not made any payments with respect to the Attack that would trigger the PSJVTA. *See* Mustafa Decl. ¶¶ 5-9. Instead, Plaintiffs rely on the *Sokolow* record for their PSJVTA factual predicate allegations, including appending *Sokolow* record materials to the attorney declaration filed with the Opposition. *See* Opp. at 7 n.1; *see also* Am. Compl. ¶¶ 25-26, 33, 35-36, 41, 57-58, 60-61, 69, 72, 92 (Plaintiffs' allegations lifted from *Sokolow* record). Indeed, as illustrated in the chart attached hereto as Exhibit 1, the PSJVTA

arguments in the Opposition are taken from the *Sokolow* plaintiffs' PSJVTA brief. *See* Exhibit 1

(comparing Opposition to *Sokolow* Opening Memorandum on the PSJVTA, *Sokolow v. PLO*, No.

04-cv-397, ECF #1015 (S.D.N.Y. Nov. 12, 2020)).

Defendants' moving brief ("Motion," ECF #25) demonstrates the significant constitutional

and statutory-construction issues that arise if the PSJVTA supplied jurisdiction with respect to ATA

claims like these. In *Sokolow*, the Second Circuit has already established a swift and orderly process

by which those PSJVTA issues common across several pending litigations—including this one—will

be addressed. Pursuant to that process, *Sokolow* has been remanded to Judge Daniels for consideration

of those issues, after which the Second Circuit will immediately retake the case. *See Sokolow*, No.

04-cv-0397, ECF #1006 at 3-4 (noting that "[a]fter the district court has concluded its consideration,

the case will be returned to [the Second Circuit] for further proceedings."). Accordingly, this Court

should defer ruling on those issues pending the Second Circuit's consideration.

The parties' briefing to Judge Daniels on the applicability and constitutionality of the

PSJVTA will be complete on February 9, 2021. *See Sokolow,* ECF #1013 at 1. A copy of Defendants'

PSJVTA brief, which was filed in *Sokolow* on January 8, 2021, is attached hereto as Exhibit 2. As

set forth in that brief, which Defendants incorporate by reference herein, the PSJVTA cannot provide

personal jurisdiction over the PA and PLO in claims like these because:

1. Under the plain language of the PSJVTA, Defendants' activities "in the United States" do not satisfy the factual predicates for jurisdiction. Plaintiffs assert the same activities as a purported basis for personal jurisdiction over Defendants here.

2. To the extent the PSJVTA purports to create jurisdiction over the PA and the PLO based on the record in *Sokolow* (largely relied on by Plaintiffs here), its application violates the Due Process Clause.

3. If applied to create personal jurisdiction in connection with ATA claims like these, the PSJVTA violates separation of powers. Congress cannot legislate to override the Supreme Court's due process rulings, which preclude jurisdiction when, as here, Defendants' alleged actions, all of which occurred in Palestine, were not purposefully directed at the United States.

4. If applied to create personal jurisdiction in connection with ATA claims like these, the PSJVTA's "deemed consent" provision violates due process because Congress cannot coerce "consent" to personal jurisdiction, and "deemed consent" cannot apply retroactively—to events pre-dating the PSJVTA—consistent with due process.

5. PSJVTA jurisdiction would impose an unconstitutional condition on the PA and PLO.

Based on judicial and party efficiency, the risk of conflicting rulings, and other prudential considerations, this Court should not address the PSJVTA issues now, but instead should defer ruling on those issues pending the Second Circuit's resolution of them in *Sokolow*. As discussed more fully in the Motion, the Court could do so either by (1) deferring its ruling on the Rule 12(b)(2) component of Defendants' motion based on Rule 12(i), and then proceeding to address Defendants' Rule 12(b)(6) arguments, or (2) denying the Rule 12(b)(2) component of Defendants' motion without prejudice to renewal following the Second Circuit's decision in *Sokolow*. *See* Motion at 6-8 (citing *inter alia*, 5C Wright & Miller Fed. Prac. & Proc. § 1373 (3d ed.); 4 Wright & Miller, Fed. Prac. & Proc. Civ. § 1067.6 (4th ed.)). The Court then may proceed to Defendants' 12(b)(6) arguments, which, for the reasons set forth below and in the Motion, require dismissal of this action.

Plaintiffs argue that Rule 12(i) only permits the deferral of an evidentiary hearing, not a decision on a 12(b)(2) motion. Opp. at 6. But Rule 12(i) "grants a district court judge broad discretion … to <u>hear and decide the motion before trial or to defer the matter until trial</u>." *CutCo Indus. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986) (emphasis added). Pursuant to Rule 12(i), the Court can defer addressing the 12(b)(2) motion and address Defendants' 12(b)(6) arguments.

## II. PLAINTIFFS FAIL TO PLAUSIBLY STATE A CLAIM UNDER THE ATA.

Plaintiffs' first cause of action fails to state a plausible claim for primary liability under the ATA, 18 U.S.C. § 2333, for multiple reasons. Further, as discussed in section III *infra*, Plaintiffs concede that they have not alleged a claim for secondary (aiding and abetting or conspiracy) liability under the ATA. Accordingly, Plaintiffs' "international terrorism" claim must be dismissed.

At page 14 of the Opposition, Plaintiffs identify the four actions by Defendants that they allege give rise to ATA liability: (1) "systematically creating a policy" of "financial incentives and legal entitlements to terrorists"; (2) "re-affirming that policy in the days leading up to the" Attack; (3) "falsely proclaiming the day before" the Attack "that Israel was expropriating one of Islam's holiest sites" by establishing special prayer areas inside the Al-Aqsa Mosque; and (4) "paying the family" of Jabarin, the attacker, "pursuant to PA and PLO law and policy."

None of these four alleged acts can support Plaintiffs' claims against Defendants, for multiple reasons. Plaintiffs do not plausibly allege that Jabarin was even <u>aware</u> of the controversy regarding the Al-Aqsa Mosque or the Defendants' "policy" of making the alleged payments, or that there was any possibility of his family receiving any such payments subsequent to the Attack. Plaintiffs therefore have not sufficiently alleged proximate causation. Additionally, none of Defendants' alleged actions constitutes "violent acts or acts dangerous to human life," as required for Plaintiffs' ATA claim. Plaintiffs also fail to plausibly allege any of the predicate offenses they identify in the Opposition (many of which are not pled in the Amended Complaint).

### A.  <u>Plaintiffs Do Not Plausibly Allege Proximate Cause.</u>

As Plaintiffs acknowledge, their ATA primary-liability claim requires them to plausibly allege that Defendants' actions proximately caused their injuries, *i.e.* that Defendants' conduct was "a substantial factor in the sequence of responsible causation" and that Plaintiffs' injuries were "reasonably foreseeable or anticipated as a natural consequence." Opp. at 15, 21 (citing *Rothstein v. UBS AG*, 708 F.3d 82, 95 (2d Cir. 2013), and *Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 84 (E.D.N.Y. 2019)).

Plaintiffs cannot meet this standard because they have not alleged that Defendants had any contact or communications, at any time, with Jabarin, the alleged perpetrator of the Attack. Nor do Plaintiffs allege any facts that would show that Jabarin was even <u>aware</u> of Defendants' social welfare

programs or the controversy surrounding the Al-Aqsa Mosque, let alone that Jabarin was <u>incentivized or motivated</u> thereby to commit the Attack. As in *Shatsky*, "plaintiffs have pointed to no evidence" that the assailant knew of or was motivated by the prospect of post-Attack payments to his family, and, "without more, these after-the-fact payments are not sufficient for a reasonable jury to conclude that defendants proximately caused the" attack. *Shatsky v. PLO*, No. 02-2280, 2017 U.S. Dist. LEXIS 94946, at *32 (D.D.C. June 20, 2017), *vacated and remanded for dismissal on other grounds*, 955 F.3d 1016 (D.C. Cir. 2020) (citing *Sokolow*, 60 F. Supp. 3d at 517 n.11). Plaintiffs' conclusory, fact-free assertions that the PA President's statements "were incentives and catalysts" for Jabarin's actions, and that Jabarin acted "because he had an incentive reward of payment to commit an act of terror," Am. Compl. ¶¶ 98, 100, cannot be credited even on a Rule 12 motion.

Plaintiffs do not allege that Jabarin ultimately received the payment made to Jabarin's family after the Attack, while Jabarin was in prison. Moreover, "[a] showing of support—even post-attack financial support to the families of terrorists—is not sufficient to demonstrate that [the remitter was] somehow responsible for the attacks." *Sokolow*, 60 F. Supp. 3d at 517 n.11.

### B. Plaintiffs Do Not Plausibly Allege that Defendants Engaged in Acts that "Involve Violence or Endanger Human Life."

18 U.S.C. § 2331 requires that a defendant's <u>own</u> acts "involve violence or endanger human life" and "appear to be intended to intimidate or coerce a civilian population or to influence or affect a government." *Linde v. Arab Bank PLC*, 882 F.3d 314, 326 (2d Cir. 2018). Plaintiffs fail to allege facts that would show that Defendants engaged in activities that "involve violent acts or acts dangerous to human life" sufficient to constitute an act of "international terrorism" under Section 2331(1). Plaintiffs argue that "by enacting and legislating a 'legal entitlement system' to those who commit violent acts ... Defendants have created an inherently dangerous … policy and practice that has resulted in grave loss of life." Opp. at 18. But the Second Circuit has rejected the

notion that even "the provision of material support to a terrorist organization"—not at issue here—"invariably equate[s] to an act of international terrorism." *Linde*, 882 F.3d at 326. Plaintiffs have not alleged that any funds provided by Defendants were used to carry out the Attack, or that the attacker—Jabarin—was even aware of the possibility of such payments subsequent to the Attack. Nor do Plaintiffs allege that <u>Defendants'</u> actions—namely, the transferring of money and the giving of a speech—"directly involved strong physical force, or intense force, or vehement or passionate threats," or "directly involved peril or hazard or were likely to cause serious bodily harm." *Strauss v. Crédit Lyonnais, S.A.*, 379 F. Supp. 3d 148, 159 (E.D.N.Y. 2019) (granting summary judgment and dismissing ATA claim). Post-attack payments to third-parties who are not charged with wrongdoing, without more, cannot be violent or dangerous to human life.

### C. Plaintiffs Do Not Plausibly Allege a Required Predicate Criminal Act.

The ATA's primary-liability provision also requires Plaintiffs to plausibly allege that Defendants committed a predicate criminal act with the requisite *mens rea*. 18 U.S.C. § 2331(1)(A).[1] The Amended Complaint alleges that Defendants committed "criminal solicitation," Am. Compl. ¶ 117. Plaintiffs cannot assert new predicate acts in response to Defendants' motion to dismiss, as they purport to do at pages 16-18 of their Opposition. *See In re*

---

[1] Plaintiffs incorrectly argue that for an ATA claim, "[t]he *mens rea* is for the underlying criminal act, not a separate requirement under 18 U.S.C. § 2333." Opp. at 16 n.4 (citing *Weiss*, 768 F.3d at 207). The Second Circuit in *Linde* made clear that this is wrong. "Plaintiffs submit that we required no showing of apparent intent in *Weiss v. National Westminster Bank PLC*, 768 F.3d 202, 207 n.6 (2d Cir. 2014). The argument merits little discussion because in *Weiss* we addressed the 'scienter requirement' of the predicate material support violation, not the definitional requirements of the ATA." *Linde*, 882 F.3d 314, 328.

In fact, courts have required a showing of intentional misconduct for ATA claims under § 2333(a) itself, in addition to any *mens rea* required by a particular predicate criminal statute. *See, e.g., Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 428 (E.D.N.Y. 2009) ("While 18 U.S.C. § 2333(a) does not contain an explicit *mens rea* requirement, courts have interpreted the statute to include a requirement that there be some deliberate wrongdoing by the defendant, in light of the fact that the statute contains a punitive element (i.e. treble damages)."); *Rothstein v. UBS AG*, 772 F. Supp. 2d 511, 516 (S.D.N.Y. 2010) (Section 2333(a) "expressly require[s] intent"); *Boim v. Holy Land Found. For Relief and Dev.*, 549 F.3d 685, 692 (7th Cir. 2008) (*en banc*) ("since section 2333 provides for an automatic trebling of damages[,] it … require[s] proof of intentional misconduct."). Plaintiffs have not plausibly alleged such intentional misconduct by Defendants here.

*Chiquita Brands Int'l, Inc.*, 284 F. Supp. 3d 1284, 1316 n.32 (S.D. Fla. 2018) (refusing to consider alleged ATA predicate crimes not included in pleading and argued for first time in summary judgment briefing). Nonetheless, Plaintiffs' purported new predicate acts fail because Plaintiffs cannot meet the elements for any of them, even if they had been properly pled:

- Plaintiffs have not alleged that Defendants ever communicated with Jabarin. Accordingly, Plaintiffs cannot plausibly allege criminal solicitation (N.Y. Penal L. § 100.00-0.15, 18 U.S.C. § 373(a), Alabama Criminal Code § 13A-4-1) or criminal facilitation (N.Y. Penal L. § 115.00). *See, e.g., People v. Agnello*, 165 Misc. 2d 855, 865 (N.Y. City Ct. 1995) ("By definition, the crime of criminal solicitation requires … that a communication be made to the person the solicitor wishes to engage in criminal conduct"); 18 U.S.C. § 373(a) (requiring that defendant "solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct"); *People v. Acardi*, 79 A.D.2d 845, 846 (N.Y. App. Div. 4th Dep't 1980) (no criminal facilitation where "defendant had no contact with [primary actor] until after the crime … had been consummated.").

- Plaintiffs cannot plausibly allege accomplice liability under N.Y. Penal L. § 20.00 or Texas Criminal Code § 7.02(a), because absent any communications or contact between Defendants and Jabarin, Plaintiffs cannot plausibly allege a "community of purpose" or "common purpose" between Defendants and Jabarin. *See People v. La Belle*, 18 N.Y.2d 405, 412 (N.Y. 1966); *Aguilar v. State*, No. 01-17-00320-CR, 2018 Tex. App. LEXIS 5524, at *9 (Houston 1st Dist. July 19, 2018).

- Plaintiffs have not alleged that Defendants caused riots or property damage, precluding liability under N.Y. Penal L. §§ 145.25 or 240.08 or 18 U.S.C. § 2101.

- Plaintiffs have not plausibly alleged that Defendants' social welfare payments, or a speech calling for peaceful action before international bodies to address an alleged incursion into a holy site, caused or created a grave risk of injury or death to Mr. Fuld, as required for liability under N.Y. Penal L. §§ 120.20, 125.10, 125.15, and 125.25.

For these reasons, and separate from Plaintiffs' failure to allege the above predicate offenses in their pleading, Plaintiffs have not plausibly alleged the elements of any predicate offense.

## III.    PLAINTIFFS FAIL TO ALLEGE AIDING AND ABETTING OR CONSPIRACY.

Plaintiffs have not stated viable claims for aiding and abetting or conspiracy liability under the ATA, 18 U.S.C. § 2333(d), or for common-law civil conspiracy. *See* Motion at 19-23. Plaintiffs do not address these arguments in their Opposition, and thus concede them. Accordingly,

Plaintiffs' civil conspiracy claim must be dismissed, as must Plaintiffs' "international terrorism" claim, for the reasons set forth above.

## IV. THE NON-FEDERAL CLAIMS MUST BE DISMISSED BECAUSE DEFENDANTS ARE UNINCORPORATED ASSOCIATIONS AND LACK CAPACITY TO BE SUED.

Courts have uniformly held that Defendants are unincorporated associations. Accordingly, Defendants lack the capacity to be sued under C.P.L.R. § 1025, requiring dismissal of Plaintiffs' non-federal claims. *See, e.g., Sokolow*, 60 F. Supp. 3d at 523-24 (collecting cases and dismissing non-federal claims against PA and PLO); *see Waldman I*, 835 F.3d at 332 ("both [the PA and PLO] are unincorporated associations."); *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) (referring to the PLO as an unincorporated association). The argument in Plaintiffs' Opposition that Defendants are "public bodies" under C.P.L.R. § 1023 was <u>specifically</u> pressed by the *Sokolow* plaintiffs and rejected by both the district court and the Second Circuit, which affirmed in *Waldman I* that the PA and the PLO "are unincorporated associations." 835 F.3d at 332. Unsurprisingly, Plaintiffs do not cite <u>a single case</u> holding that either Defendant is a "public body."

Even more, Plaintiffs' sole basis for suggesting that Defendants are public bodies is that Defendants "perform[] a governmental function for the state or for an agency or department thereof," Opp. at 24, which is contradicted by the simple fact that Defendants do not act as or on behalf of a "<u>state</u>" that is recognized by U.S. law. Further, while Plaintiffs argue that Defendants "engage in all aspects of governance and 'public business,' including taxation, judicial enforcement, security, policing, and foreign affairs," *id.*, the PLO unsuccessfully made essentially the same argument in *Klinghoffer*—that it <u>could not be</u> an unincorporated association because it "is the embodiment of the Palestinian people and is structured and operates as a state." *Klinghoffer v. S.N.C. Achille Lauro*, 739 F. Supp. 854, 858 (S.D.N.Y. 1990), *vacated and remanded on other grounds*, 937 F.2d 44 (2d Cir. 1991). Judge Stanton rejected this argument, holding that "[a]lthough it claims the attributes of a

state, it controls no defined territory or populace <u>and is not recognized by the United States</u>." *Id.*

(emphasis added). "Rather, as its name indicates, the PLO is an organization. It is composed of

individuals, without a legal identity apart from its membership, formed for specific objectives. For

present purposes, it may be treated as an unincorporated association." *Id.*

## V. PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED BUT-FOR CAUSATION, AS REQUIRED FOR A NEGLIGENCE CLAIM UNDER ISRAELI LAW.

Israeli law requires but-for causation for negligence claims. *See Wultz v. Islamic Republic*

*of Iran*, 755 F. Supp. 2d 1, 63 (D.D.C. 2010) (citing CA 148/80 *Vaknin v. Beit Shemesh Local*

*Council* 37(1) PD 113, 133, 144 [1982] (Isr.)). Plaintiffs argue that they have sufficiently pleaded

that, but for Defendants' "incitement in mass-media" and payment programs, "the Palestinian

youth would not have committed the killing." Opp. at 25. But the Court should not credit these

conclusory assertions. As noted, Plaintiffs do not even plausibly allege that Jabarin was <u>aware</u> of

Defendants' payment programs or the speech relating to the Al-Aqsa Mosque.

## VI. PLAINTIFFS' NINTH AND TENTH CLAIMS MUST BE DISMISSED.

Plaintiffs' ninth and tenth causes of action, for vicarious liability and "inducement," fail

because, among other reasons, Plaintiffs have not plausibly alleged that Jabarin was ever employed

by, or had any contact whatsoever with, Defendants, or that an independent cause of action for

"inducement" exists. Motion at 25. Plaintiffs' Opposition does not address the inducement claim at

all, and addresses the vicarious liability claim in one paragraph, stating that a vicarious liability

claim "is dependent on the nature of the relationship between the parties," and, in conclusory

fashion and without citation to their pleading, that "Plaintiff[s] ha[ve] plausibly alleged a sufficient

relationship to make it fair and reasonable to impose such liability." Opp. at 25. But Plaintiffs have

not alleged <u>any</u> relationship between Defendants and Jabarin—indeed, Plaintiffs do not allege that

either Defendant ever had any contact whatsoever with Jabarin.

## CONCLUSION

The Amended Complaint should be dismissed with prejudice.

Dated: January 18, 2021

Respectfully submitted,
**SQUIRE PATTON BOGGS (US) LLP**


/s/ ***Gassan A. Baloul***
Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street NW
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendants Palestine Liberation Organization and Palestinian Authority*