UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MIRIAM FULD, et al.,

Plaintiffs,

-v-

THE PALESTINE LIBERATION ORGANIZATION, et al.,

Defendants.

---------------------------------------------------------------------X

20-CV-3374 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

On November 9, 2020, Defendants filed a motion to dismiss Plaintiffs' Amended Complaint, ECF No. 21, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 24. Whether the Court has personal jurisdiction over Defendants turns on the applicability, and perhaps constitutionality, of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (the PSJVTA"), Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 Stat. 3082. The same or similar issues are being litigated in the *Sokolow* litigation pending before Judge Daniels. Citing that litigation, Defendants here propose that the Court defer ruling on their Rule 12(b)(2) motion until after the issues are resolved, first, by Judge Daniels and, then, by the Second Circuit, and instead proceed directly to their Rule 12(b)(6) motion. ECF No. 25, at 6-8. Alternatively, Defendants propose that the Court "deny the Rule 12(b)(2) prong of [their] motion without prejudice to renewal following the Second Circuit's decision." *Id.* at 8.

The Court declines to accept either invitation. The Supreme Court has held that "a federal court generally may not rule on the merits of a case without first determining that it has

jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). . . . [I]t may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 267-68 (2d Cir. 2001) (treating personal jurisdiction as a threshold determination preceding adjudication of the merits). The Second Circuit has endorsed an exception to this general rule "in cases . . . with multiple defendants — over some of whom the court indisputably has personal jurisdiction — in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action," *Chevron Corp. v. Naranjo*, 667 F.3d 232, 247 n.17 (2d Cir. 2012), but that is not the situation here. Accordingly, and notwithstanding the fact that the Second Circuit has described the personal-jurisdiction-first approach as "prudential" and not "a restriction on the power of the courts to address legal issues," *ONY, Inc. v. Cornerstone Therapeutics, Inc*., 720 F.3d 490, 498 n.6 (2d Cir. 2013), the Court is unwilling to deviate from the general rule and assume personal jurisdiction.

As for the substance of Defendants' Rule 12(b)(2) motion, the Court will hold a telephone conference on **May 5, 2021**, at **3:00 p.m.**, to address whether or to what extent new or supplemental briefing would be appropriate. Counsel should confer in advance of the conference, and be prepared to address at the conference, the following:

(1) Whether the Court is required to certify this case to the Attorney General, and permit intervention by the United States, pursuant to 28 U.S.C. § 2403(a). *See Nwabue v. SUNY at Buffalo/Univ. Med. Servs*., 546 F. App'x 21, 24 (2d Cir. 2013) (summary order) (describing the certification process as "mandatory" where "the constitutionality of any Act of Congress affecting the public interest is drawn in question");

(2) If so, and if the United States intervenes, whether the parties should be permitted to file new or additional memoranda of law in response to any submission by the United States;

(3) Separate and apart from the foregoing, whether the Court should require the parties to submit new memoranda of law with respect to personal jurisdiction in *this* case — in

addition to, or in lieu of, the current memoranda of law, which incorporate by reference submissions made in the *Sokolow* litigation; and

(4) Whether Defendants concede that one of the factual predicates listed in 18 U.S.C. § 2334(e) has been satisfied.

To access the conference, counsel should call (888) 363-4749 and use access code 542-1540#. Members of the press and public may call the same number but will not be permitted to speak during the conference. The parties are reminded to follow the procedures for teleconferences described in the Court's Emergency Individual Rules and Practices in Light of COVID-19, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Among other things, those procedures require counsel to provide advance notice of who will participate in the conference and the telephone numbers they will use to participate.

SO ORDERED.

Dated: May 3, 2021
New York, New York

JESSE M. FURMAN
United States District Judge