# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIRIAM FULD, et al.,

                          Plaintiffs,

-against-

THE PALESTINE LIBERATION ORGANIZATION and THE PALESTINIAN AUTHORITY,

                          Defendants.

Case No.: 20-cv-3374 (JMF)

**[PROPOSED] ORDER REGARDING CERTIFICATION PURSUANT TO FED. R. CIV. P. 5.1 AND 28 U.S.C. § 2403**

---

Defendants Palestine Liberation Organization and the Palestinian Authority have challenged the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA") (codified at 18 U.S.C. § 2334(e~~)), arguing that it cannot be applied to establish personal jurisdiction over them in this case without violating, *inter alia*, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the separation of powers doctrine, and the unconstitutional conditions doctrine.~~)).  *See* Defendants' Motion to Dismiss, Doc. No. 25 at 1-2, 4-10; Plaintiff's Opposition to the Motion to Dismiss, Doc. No 29 at 11-13; Defendants' Reply in Support of Motion to Dismiss, Doc. No. 31 at 1-4.  In their opening brief in support of their Motion to Dismiss, Defendants argue that the PSJVTA cannot be applied to establish personal jurisdiction over them in this case without violating the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  In their reply brief, Defendants argue that the PVJSTA violates the separation of powers doctrine, and the unconstitutional conditions doctrine.

The Court has ordered superseding briefing from the parties regarding the "application and constitutionality of the PSJVTA" in this case.  *See* Doc. No. 34.  Defendants' opening brief on the

- 1 -

- 2 -

PSJVTA is currently due 30 days after the date of this Order, Plaintiffs' opposition brief is due 30 days thereafter, and Defendants' reply is due 10 days following the opposition. *Id.*

Pursuant to 28 U.S.C. § 2403(a) and Rule 5.1(b) of the Federal Rules of Civil Procedure, this Court hereby certifies to the Attorney General of the United States the constitutional challenge to application of the PSJVTA described above. The United States is advised that, the Attorney General may intervene in this action "for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality," 28 U.S.C. § 2403(a), within the time frames set forth in Rule 5.1(c) of the Federal Rules of Civil Procedure.

The Clerk is directed to provide a copy of this Order to the Attorney General of the United States.

Dated: _____  
     New York, New York

            _____  
              JESSE M. FURMAN  
           United States District Judge