L55HFulC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MIRIAM FULD, et al.,

         Plaintiffs,

        v.                     20 Civ. 3374 (JMF)

THE PALESTINE LIBERATION
ORGANIZATION, et al.,
                     Remote Conference

         Defendant.

------------------------------x
                    New York, N.Y.
                    May 5, 2021
                    3:00 pm

Before:

           HON. JESSE M. FURMAN,

                    District Judge

              APPEARANCES

JEFFREY FLEISCHMANN
ALLEN SCHWARTZ
    Attorneys for Plaintiff

SQUIRE PATTON BOGGS LLP
    Attorneys for Defendants
BY:  MITCHELL RAND BERGER
     GASSAN ADNAN BALOUL

1             (The Court and all parties present remotely)

2             THE COURT:  Good afternoon.  This is Judge Furman.
3   Can I confirm that the court reporter, Raquel, are you on the
4   line?

5             THE REPORTER:  Yes, I am, Judge.

6             THE COURT:  Good afternoon.  Thanks for joining me.
7             This is the matter of Fuld v. The Palestine Liberation
8   Organization, 20 Civ. 3374.  Before I take appearances from
9   counsel, a couple reminders or ground rules.  Number one,
10  please mute your phone if you can while you're not speaking to
11  ensure that there's no background noise distraction, but
12  remember to unmute yourself if or when you wish to say
13  something.  When you say something, please make sure that the
14  first thing you say is your name so the court reporter and I
15  are clear on who is speaking.  A reminder that this is a public
16  conference, as it would be if we were in open court, and a
17  reminder that no one may record the conference.

18            With that, I will take appearances from one counsel on
19  each side, beginning with counsel for plaintiffs.

20            MR. FLEISCHMANN:  Good afternoon, your Honor.  Jeffrey
21  Fleischmann, together with my colleague Allen Schwartz, for the
22  plaintiff.

23            THE COURT:  Good afternoon to you.

24            And counsel for defendants.

25            MR. BERGER:  Good afternoon, your Honor.  Mitchell

1   Berger from Squire Patton Boggs, along with my colleague Gassan
2   Baloul, for defendants.
3            THE COURT:  Good afternoon to you as well.
4            Thank you for joining me on relatively short notice.
5   I think I made clear in the order that I issued the other day
6   the main topics that I want to discuss, and in that sense,
7   let's proceed with them.
8            One threshold question is whether -- I mean, based on
9   my review of the briefs -- and I will confess that I have not
10  read them thoroughly just yet, but I've read them enough to
11  raise these issues and have some concerns about where things
12  stand -- but based on my review, it seems to me that defendants
13  are challenging the constitutionality, if not facially, then as
14  applied, of a statute.  And given that, that I'm required under
15  28 U.S. Code Section 2403 to provide notification to the
16  Attorney General and invite the intervention of the United
17  States.
18           I note that I'm actually not sure that the Court did
19  that in *Sokolow*, but I know there was a notice filed by
20  plaintiffs in *Sokolow* to that effect.  So I'm not sure where
21  that stands in that case, but in any event, it seems to me
22  that, given the mandatory nature language in the statute, that
23  I probably have to do that here.
24           So let me turn to you on that, starting with you,
25  Mr. Fleischmann.

1     MR. FLEISCHMANN:  Yes, your Honor.  Jeffrey
2 Fleischmann.
3     We concur with that.  We believe that it's mandatory
4 in this case.
5     THE COURT:  All right.  Mr. Berger.
6     MR. BERGER:  Your Honor, we think, ultimately, it will
7 be appropriate.  We think it's premature at this time given
8 that we actually haven't fully briefed the PSJVTA issues in
9 this case.  As your Honor alluded to, we've filed with the
10 Court the briefs we filed in *Sokolow* and given this Court a
11 *précis* of what those issues are.  We think it's important as it
12 relates to the prematurity issue because Federal Rule of Civil
13 Procedure 5.1(a), which implements the statute, requires that
14 the notice to the Attorney General state the question and
15 identify the paper that raises it, and we just don't think
16 we're at that stage where that's happened.
17     While we certainly make the PSJVTA arguments that
18 appear in the *Sokolow* papers, our arguments are, in fact, more
19 extensive because we have not had the opportunity, as you'll
20 appreciate, to respond to the arguments that were raised for
21 the first time in the *Sokolow* plaintiffs' reply brief.  So, in
22 short, our view is that notice will be timely after we file
23 briefing by way of a motion to dismiss challenging jurisdiction
24 under the PSJVTA.
25     THE COURT:  Well, that sort of gets into the other

issues that I wanted to discuss. But, Mr. Berger, with all due respect, I feel like you're being a bit too cute or too clever by a half. Your briefs in this case incorporate by reference your briefs in the *Sokolow* case. Putting aside the propriety of doing that in general, because if you have something to say in a brief, you should say it in the brief filed before me. And rather than evading page restrictions and incorporating some other lengthy brief if you need extra pages, you have extra pages, but I prefer briefing in my own cases to be in my own cases.

It seems to me that by virtue of doing that and by virtue of raising a constitutional challenge in *Sokolow*, you have raised a constitutional challenge in this case. It may be that the briefing here should be redone or revised in some way, and perhaps it pays to wait until that's done so that there's no ambiguity about what the nature of the challenge is, and again, that sort of dovetails with the other issues that I've raised, but I don't really see how you can plausibly maintain that you haven't actually raised a constitutional challenge to the statute at this point.

MR. BERGER: Mitchell Berger, your Honor.

We certainly accept that, your Honor. What I'm trying to recognize, and your Honor pointed this out, is that the Justice Department, the Attorney General, plainly knows that this issue has been raised because of the notice filed by the

plaintiffs at docket 1019 in the *Sokolow* case on November 12. So we've approached this holistically by looking at all of your Honor's questions, and our view is certainly your Honor is going to give notice to the government. We just think it's more efficient and going to be clearer under Rule 5.1 if we do supplemental briefing first. I recognize your Honor has raised that as question No. 3.

THE COURT: OK. Well, then let's talk about question No. 3. I guess if the issue is just when to issue the certification, I don't disagree that we should resolve that.

So what's your view, Mr. Berger on -- I guess I've sort of stated my view. It seems like it would be better practice and easier for my purposes if briefs were filed in this case that didn't require me to read briefs filed in a separate case that may have a different record and different facts and different circumstances so that I don't need to then parse those briefs to figure out whether and to what extent they apply here. Now, if it's just a pure question of law, maybe that's not an issue, but I also can't tell from the combination of these briefs and the *Sokolow* briefs whether there is a factual issue here or not.

I think, in the *Sokolow* case, if I'm not mistaken, Mr. Berger, you said that the Court there could assume without deciding that the factual predicates set forth in the PSJVTA had been met, but I think plaintiffs have taken a different

position, and I don't know if that means that you concede for purposes of the motion that the factual circumstances have been met or whether I need to make a finding on that score or what the situation is.

So what's your thought on all of that?

MR. BERGER:  Sure.  Mitchell Berger for the defendants.

Let me address each of your Honor's questions.  Yes, we agree it would be better to brief this issue in a bespoke way for this Court, and so we certainly would welcome the opportunity to engage in supplemental briefing.  And as your Honor directed, we did confer with Mr. Fleischmann and his colleagues in advance of this conference, and we told them that that was our preference.  We would prefer to do it by way of the following form with a motion to dismiss, which is we would open, they would oppose, we would reply, but of course, your Honor, we'll do whatever it is the Court would find useful.

Second point, in *Sokolow* what we told Judge Daniels was that the Court could assume without deciding that a payment had been made that satisfied the payment predicate of the PSJVTA, which leads to my third point.

As a result of evidence that has been produced in other proceedings, the defendants don't contest that the factual elements of the payment predicate, which is the 18 U.S.C. 2334(e)(1)(A) have been met, although we, of course,

1   contend that that statute cannot provide jurisdiction over
2   defendants for a host of constitutional reasons.  We dispute
3   and don't, therefore, concede that that the factual elements of
4   the U.S. facility or U.S. activity predicate, which is
5   18 U.S.C. 2334(e)(1)(B) had been met, and our position is, in
6   fact, corroborated by evidence that's been adduced in other
7   matters.
8        So, in any event, our view is that since those two
9   predicates are in the disjunctive, the Court need not make any
10  further finding, because our position on the payments predicate
11  allows us to brief the legal issues fully.
12       THE COURT:  All right.  Mr. Fleischmann.
13       MR. FLEISCHMANN:  Yes, Jeffrey Fleischmann.  Thank
14  you, your Honor.
15       So we have a somewhat different view about the
16  supplemental briefing idea.  Our position is that the
17  defendants have briefed it.  They made the motion themselves.
18  They had the opportunity to put whatever they wanted to put in
19  front of the Court, including briefing the constitutionality
20  issue, and they did.  They may not have briefed it as
21  extensively as they did in *Sokolow* where they filed a 65-page
22  brief, I believe, but they briefed as much as they wanted to
23  brief.  They did not request excess pages.  And we briefed it
24  in opposition as well.
25       So our view is, appreciating that the Court wants

focused arguments and not to look at someone else's brief, we believe that it is adequately briefed, and we do not seek to do any additional briefing here.

THE COURT:  All right.  So --

MR. BERGER:  May I be heard, your Honor?  Mitchell Berger.  Apologize for interrupting the Court's train of thought, but --

THE COURT:  No, I don't need you to be heard because I agree with you.  Frankly, I don't think you're entitled to supplemental or additional briefing.  You did file the brief that you filed, and you made the decision that I think was unorthodox and perhaps improper to incorporate briefs that you filed in a separate case.  But the bottom line is that this is a complicated and difficult and important issue that is likely to go -- certainly is going to go to the Second Circuit and may go elsewhere, and I would rather get it right.  And in that regard, I feel like I would benefit from, as you put it, bespoke briefing specific to this case and avoid the need to read briefs that have been filed in a different case and try to figure out whether and to what extent they apply here.

So for that reason, and not notwithstanding Mr. Fleischmann's valid concerns or considerations, I am going to allow supplemental briefing.  I don't entirely understand the reason to -- well, I guess there's a formal reason to wait to notify the Attorney General, given Mr. Berger's reference to

the Federal Rule of Civil Procedure.  So perhaps I'll do that after the opening brief is filed, but I think that that would probably provide adequate time in any event.

So given that, I don't know if you guys have agreement on a schedule, or certainly, I think, Mr. Berger's proposal of having an opening brief filed by defendants, followed by opposition, followed by reply makes sense.  To be clear, this is limited to the personal jurisdiction PSJVTA issue.  I will not entertain further briefing on the 12(b)(6) issues that have already been briefed.

And I also want to be clear, I am basically going to disregard existing briefs on the personal jurisdiction issue, as well as the *Sokolow* briefs, and in that sense, these new briefs should be standalone, comprehensive.  Whatever arguments you want to make on these issues should be made in these new briefs.

With that understanding, I don't know, again, if you have agreement on a schedule or if you want to throw out your suggestions, but, Mr. Berger, I assume much of your work has already been done in *Sokolow*, and it's a matter of copying and pasting and a little tweaking.  But what's your thought?

MR. BERGER:  Mitchell Berger, your Honor.

I hope it's a little more than copying and pasting and tweaking, because I did mean what I said, there were a host of new arguments raised in the *Sokolow* reply, and we do have

1   answers to all of those.

2           When we conferred yesterday with Mr. Fleischmann, our
3   proposal was that the defendants would file their opening brief
4   within 21 days of your Honor's approval today, and that, of
5   course, we'd abide by whatever schedule your Honor set for an
6   opposition and a reply brief.  Understanding, of course, the
7   Court's page limits would likewise apply to an opening,
8   opposition, and reply.

9           THE COURT:  Meaning what would the page limits be?
10  You don't have to -- since it presumably doesn't involve a
11  whole lot of factual discussion and background, you can just
12  get right into the issues.  One would think you don't need
13  quite as many pages as you took in *Sokolow*, but maybe that's
14  wrong.

15          MR. BERGER:  Mitchell Berger, your Honor.

16          Yes, I'm not asking for anywhere close to what we had
17  in *Sokolow*, nor even as much as the plaintiffs had in *Sokolow*
18  with their reply.  It's the Court's 25-page limit that we would
19  ask be able to abide by, 25 pages for opposition, 10 pages for
20  reply.

21          THE COURT:  Gotcha.  So 25/25/10, is that what you're
22  suggesting?

23          MR. BERGER:  Yes, your Honor, for defendants, Mitchell
24  Berger.

25          THE COURT:  OK.  Mr. Fleischmann, I'm happy to set an

opening deadlines of 21 days, 25 pages. Mr. Fleischmann, your thoughts on opposition, mindful that if I issue a certification under Rule 5.1 and Section 2403, that some time is presumably needed for the United States to decide whether it's going to intervene.

MR. FLEISCHMANN: Sure. Thank you, your Honor. Jeffrey Fleischmann.

So can we have perhaps 30 days for opposition and the same, obviously, page limit that was suggested by the defendants is fine with us?

THE COURT: All right. Let's do that, and then I'll give one week after the opposition to file a reply.

Mr. Berger, I would like you to confer with counsel with respect to the -- well, let me back up.

It sounded to me, from what you said earlier, that you agree that certification will be required, but were of the view that the better practice, if not necessity, was to wait until you had filed the brief that you'll be filing in 21 days. Is that correct?

MR. BERGER: Mitchell Berger, your Honor. Yes, that sums up our position accurately.

And while I can just hog the floor for 30 days longer, I wondered if I could beg a few additional days and have ten days for my reply?

THE COURT: Fine, I'll give you that.

So given your first comment, what I will ask that you do is can you confer with Mr. Fleischmann, with counsel, and simultaneously or, let's say, within a day of filing your opening brief, file a proposed order to comply with Rule 5.1 and Section 2403?

MR. BERGER: Mitchell Berger. Certainly, yes, your Honor, we'll do that.

THE COURT: Let me raise one concern on that score. Looking at the rule, subsection (c) says unless I set a later time, the Attorney General may intervene within 60 days after notice is filed. So if we stick to the schedule that I just set, that would presumably mean that the United States could intervene after the matter is fully briefed.

Anyone have concerns or thoughts about that?
Mr. Fleischmann or -- Mr. Fleischmann, I'll start with you.

MR. FLEISCHMANN: I think our preference would be, actually, if we could notify the Attorney General now. I don't believe that it's necessary to wait the 21 days. I think that Mr. Berger is really just seeking for the United States to see his brief and not ours. If the issue is ripe, which it is, because otherwise we wouldn't be here, there's no reason not to notify them now, and that would put us over the 60-day window under the briefing schedule that we just set.

MR. BERGER: Mitchell Berger, your Honor, for the defendants.

1           This is the practical point, which is it really --
2   I'll just put this way:  In my experience, every single time
3   the United States has opted to intervene in one of these cases,
4   number one, they want considerably more than 60 days;
5   number two, they meet with counsel for both sides, in advance
6   of which both sides provide written submissions.  So if
7   Mr. Fleischmann's concern is that somehow I'm trying to sneak
8   something in that the Justice Department wouldn't otherwise
9   see, I respectfully suggest that that's inaccurate, because I
10  can submit anything I want to in advance of a meeting with the
11  Justice Department, and we've characteristically done that.
12  That's what happened in the *Klieman* case against the PLO where
13  the government filed their briefs.
14          I'm simply raising the point of trying to make this as
15  efficient in advance for the Attorney General by having the
16  5.1 notice specify the questions and the papers in which those
17  questions are raised.
18          THE COURT:  All right.  But I guess to revisit the
19  issue, Mr. Berger, isn't it the case that the questions are
20  pretty clear; that is to say, you have already raised certain
21  arguments with respect to the constitutionality of the statute,
22  namely, that it violates your client's due process rights and
23  separation of powers issues?  I mean, isn't it clear what the
24  issues are, and you can identify the existing briefs but also
25  make reference -- or I could identify the existing briefs, but

also make reference to the fact that I have invited supplemental briefing -- or, I guess, superseding briefing is probably a more accurate term, on the issues so that it's already -- issue has already been joined, but that would alert them as well that there is something forthcoming?  That seems like it might be the most appropriate course to minimize any possible delay, mindful that this has been fully briefed for a while already.

What's the problem with doing it that way, Mr. Berger?

MR. BERGER:  Mitchell Berger for defendants, your Honor.

There's no problem with doing it that way, your Honor. It's just that the wheels of justice, in this case the wheels of the Department of Justice, do grind slowly, and one way, in my respectful submission, to expedite it is to do as much of that advance work for them as possible.  I think we know from the fact that the notice of constitutional question was met with silence in the *Sokolow* case that we can do more to be helpful here in issuing a Rule 5.1 notice.  But, of course, we'll abide by whatever the Court wants to do.  It's not our objective here to prevent notice to the Justice Department. We're trying to make that process efficient by doing as much work in advance.

THE COURT:  All right.  I hear you, but I think the fact that the wheels of the Department of Justice grind slowly

1   counsels in favor of providing notice to them sooner rather
2   than later.  I think the issues are clear enough and the fact
3   that you'll be filing a superseding brief can be noted so that
4   they are alert to it.
5           To that end, I will ask that you confer with one
6   another, and I'm going to require that no later than tomorrow
7   you submit a proposed certification for my consideration.
8   You're to file it on ECF in PDF format and simultaneously file
9   it or submit it by email in Word format so that I can tinker
10  with it if need be.  It should comply with the literal language
11  of the statute and the rule and also alert the Department of
12  Justice, the Attorney General, that I have ordered superseding
13  or supplemental briefing, as the case may be, and the schedule
14  for that.
15          I'm also going to, in light of that and to ensure
16  that -- I think it might make sense to modify the deadlines so
17  that they're 30 days -- the opening brief is due 30 days from
18  the date on which I issue that certification, which I
19  anticipate would be tomorrow or the day after, and then
20  opposition would be 30 days thereafter.  So that the 60-day
21  clock would basically run at the time that the plaintiffs would
22  have to file their opposition.  And granted, they might ask for
23  more time, but if they ask for more time, then we can make
24  adjustments accordingly.
25          Anyone object to doing it that way?  Mr. Fleischmann?

L55HFulC

1          MR. FLEISCHMANN:  No objection, your Honor.  Thank
2     you.
3          THE COURT:  All right.  Mr. Berger, I assume you
4     don't?
5          MR. BERGER:  Certainly, your Honor, no objection.  It
6     sounds like 30, 30, and then 10 for a reply under your
7     schedule?
8          THE COURT:  Right.  And 25 pages, 25 pages, and 10
9     pages.
10         All right.  So I will look for your proposed
11    certification tomorrow, and hopefully you can agree upon
12    language.  If you can't agree, then you should submit competing
13    proposals and a redline showing what the relevant differences
14    are, but this should be fairly straightforward and matter of
15    fact.  In that sense, hopefully, you can agree upon language.
16    It's not an opportunity to argue the issue.  It's an
17    opportunity to alert the Attorney General as required by
18    statute.
19         Anything else that you wish to raise, Mr. Fleischmann?
20         MR. FLEISCHMANN:  Nothing further from the plaintiff.
21    Thank you, your Honor.
22         THE COURT:  Mr. Berger?
23         MR. BERGER:  Nothing further for defendants.  Thank
24    you, your Honor.
25         THE COURT:  All right.  Thank you.

L55HFulC

1              In that case, we are adjourned.  Everybody stay safe
2     and healthy, and have a good day.  Thank you.
3              MR. BERGER:  All right.
4              MR. FLEISCHMANN:  Thank you.
5              (Adjourned)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25