# LAW OFFICE OF
# JEFFREY FLEISCHMANN, P.C.

150 Broadway, Suite 900
New York, New York 10038

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

---

August 19, 2021

**BY ECF**

Hon. Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Shatsky et al. v. Palestine Liberation Organization et al.*
              No. 18 Civ. 12355 (MKV)—**Letter-motion to Intervene and Modify Protective Order [ECF 106]**

             *Fuld et al. v. Palestine Liberation Organization et al.*
              No. 20 Civ. 3374 (JMF)

Dear Judge Vyskocil:

      Defendants' letter of August 19 [ECF 110] is an improper effort to use this Court's confidentiality order as a "tool to prevent opposing counsel from cooperating with one another to advocate effectively for their clients." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 406 (S.D.N.Y. 2016). Their excuses for opposing the motion to modify the protective order are makeweights. The Court should grant the request to intervene and modify the confidentiality order [ECF 106].

      This case is one of three cases pending in this District in which members of this Court are all considering whether the defendants consented to personal jurisdiction under the Promoting Security and Justice for Victims of Terrorism Act of 2019 (the "PSJVTA"). *See* 18 U.S.C. § 2334(e)(1)(B).

      In both *Sokolow v. Palestine Liberation Organization*, No. 04 Civ. 394 (GBD), and *Fuld et al. v. Palestine Liberation Organization et al.*, No. 20 Civ. 3374 (JMF), the issue is fully briefed and awaiting decision. In *Sokolow*, Judge Daniels has the benefit of the discovery taken in this case, because the plaintiffs in that case provided it to him under seal (copy enclosed). But in *Fuld*, Judge Furman does not have the benefit of the same information, because defendants are blocking access to it.

Hon. Mary Kay Vyskocil
August 19, 2021
Page 2

  Defendants do not take issue with our showing that the application meets the traditional four-part test in this Circuit for modifying a protective order: (1) the "blanket" protective order does not warrant reliance; (2) the language of the order puts the parties on notice of possible future modification; (3) the court entered the order without a particularized showing of good cause; and (4) the purpose of the order is to present relevant information to Judge Furman in the *Fuld* case. *See In re EPDM Antitrust Litig.*, 255 F.R.D. 308, 318-19; *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901 (JFK), 2016 WL 3951181, at *2 (S.D.N.Y. July 20, 2016); *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 120 (S.D.N.Y. 2015); *Charter Oak Fire Ins. Co. v. Electroluc Home Prods., Inc.*, 287 F.R.D. 130, 132 (E.D.N.Y. 2012).

  Instead of taking issue Defendants' excuses for opposing the motion to modify the protective order are meritless.

  **First,** defendants claim that they "cannot agree" to Judge Furman having access to the relevant information "until such time as a protective order is executed and so-ordered in *Fuld*." ECF 110 at 1. That is nonsense. If the Court grants the letter-motion to intervene and modify the protective order, then the *Fuld* plaintiffs **will be bound by every word of the existing confidentiality order in this case**. The proposed paragraph 30 states that the *Fuld* plaintiffs would receive Confidential Material "on the same terms and with the same restrictions as counsel for the Parties in this case," and "shall be bound to comply with all provisions" of the order, except for modifications tailored to permitting use in the *Fuld* action. Thus, a *second* confidentiality order would be superfluous. Indeed, until the defendants decided to oppose the *Fuld* plaintiffs' request to be bound by the *Shatsky* order, they never suggested that there was a need for a second confidentiality order.

  **Second,** defendants claim that "[t]here is no urgent need" to provide the information to Judge Furman because the motion in *Fuld* in which defendants have challenged the applicability and constitutionality of the PSJVTA "remains pending." ECF 110 at 2. But that has it exactly backwards. Judge Furman is *currently deciding* whether the PSJVTA applies to these defendants based on their U.S. activities. The Confidential Materials detail those activities. Defendants themselves describe the information as revealing their "public outreach and advocacy" in the United States. ECF 105 at 5. That is the kind of information that all three members of this Court should have equal access to in evaluating defendants' contention that they are not engaged in U.S. activities other than "official business of the United Nations." *See* 18 U.S.C. § 2334(e)(3)(B).

  We are also filing a copy of this letter on the docket of the *Fuld* case, so that Judge Furman is aware of this issue.

          Respectfully submitted,

          /s/ Jeffrey Fleischmann
           Jeffrey Fleischmann

Encl.

cc: ECF Counsel
  Hon. Jesse M. Furman