UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIRIAM FULD, et al.,

                *Plaintiffs*,

   v.                                                                                  Case No. 20 Civ. 3374 (JMF)

PALESTINE LIBERATION ORGANIZATION, et al.,

                *Defendants*.

---

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
## IN RESPONSE TO MEMORANDUM OF LAW FILED BY THE UNITED STATES

                        THE LAW OFFICE OF JEFFREY
                        FLEISCHMANN, P.C.
                        Jeffrey Fleischmann, Esq.
                        150 Broadway, Suite 900
                        New York, NY 10038
                        Tel: 646-657-9623
                        Email: jf@lawjf.com

                        THE SILVERMAN LAW FIRM
                        Samuel Silverman, Esq.
                        16 Squadron Blvd.
                        New City, NY 10956
                        Tel: 845-517-0351
                        Email: silvermans@silvermanlaw.net

                        *Counsel for Plaintiffs*

THE LAW OFFICE OF ALLEN SCHWARTZ, ESQ.
Allen Schwartz, Esq.
2635 Nostrand Ave.
Brooklyn, NY 11210
Tel: 347-460-5379
Email: allen@allenschwartzlaw.com

*Of-Counsel to The Law Office of Jeffrey Fleischmann, P.C*

1.The constitutional standard urged by the Government is well supported in the case law. Due process requires that: (1) any exercise of jurisdiction be "reasonable, in the context of our federal system of government," *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1023 (2021); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980), and (2) persons have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (cleaned up); *see Quill Corp. v. N. Dakota*, 504 U.S. 298, 312 (1992) ("'fair warning' [is] the analytic touchstone of due process nexus analysis"). As the Government's brief confirms, the statute meets this standard: there is no serious dispute that "the PSJVTA sets out a reasonable legal arrangement through which Congress specified a defendant consents to personal jurisdiction, and gives potential defendants fair warning that a particular activity may subject them to the jurisdiction of U.S. courts." U.S. Br. 9 (cleaned up).

2. As the Government points out, defendants' "primary argument against the PSJVTA is that they must receive some benefit in return for their 'deemed' consent to be constitutionally valid." U.S. Br. 13. The Government correctly rejects this argument, explaining that nothing "in the case law concerning consent to jurisdiction suggests a reciprocity requirement." *Id.* 14. The Government's argument is well-supported by case law. The Government relies on *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694 (1982), explaining that in that case the Supreme Court held that "a district court could deem personal jurisdiction to have been established as a sanction for the defendant's failure to comply with a discovery order directed at establishing jurisdictional facts," and "that a defendant's failure to timely object to personal jurisdiction would have the same effect of waiving the requirement, even though the defendant would not receive anything in return." U.S. Br. 14 (citation omitted). The conduct identified in *Bauxites*—refusing

1

to obey discovery orders or failing to timely raise a personal jurisdiction defense—reflects no "reciprocal bargain" with the United States. In earlier cases, these very defendants were deemed to consent to personal jurisdiction when they refused to participate in jurisdictional discovery, *Knox v. Palestine Liberation Org.*, 229 F.R.D. 65, 70 (S.D.N.Y. 2005), and when they failed to timely raise a defense of personal jurisdiction, *Gilmore v. Palestinian Auth.*, 843 F.3d 958, 964 (D.C. Cir. 2016). In *Knox* and *Gilmore*, defendants received no "benefit" from the United States—and none was needed to exercise jurisdiction over them.

      3. To support their "reciprocity" argument, defendants rely in related litigation on a new case, *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666 (1999). The case does not support defendants' theory that legislation specifying how a defendant can manifest its consent to the exercise of personal jurisdiction is invalid in the absence of "reciprocity." To the contrary, there *was* "reciprocity" in the *College Savings Bank* case. At issue was whether the State of Florida could be deemed to have consented to suit in federal court under the Lanham Act by participating in interstate commerce. The State of Florida received a *benefit* by participating in interstate commerce: the Commerce Clause "was intended to benefit those … who are engaged in interstate commerce." *Dennis v. Higgins*, 498 U.S. 439, 449 (1991). Rather, *College Savings Bank* involved a different problem: whether a constructive waiver could be permitted where doing so would, "as a practical matter, permit Congress to [use Article I powers to abrogate] … the constitutionally grounded principle of state sovereign immunity," 527 U.S. at 683-84, even though "Congress can abrogate state sovereign immunity only when it legislates to enforce the Fourteenth Amendment," *id.* at 671.

      State sovereign immunity is so different from personal jurisdiction that the case provides no useful guidance here. To begin, state sovereign immunity is "a fundamental aspect of the

sovereignty which the States enjoyed before the ratification of the Constitution." *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021) (quotation omitted). It "goes to the very heart of the federal system." Cong. Res. Serv., *Constitution of the United States: Analysis and Interpretation*, S. Doc. No. 112-9, (2012 & Supp. 2020), https://constitution.congress.gov/browse/essay/amdt11-1-1/ALDE_00000984/ (last visited Aug. 26, 2021). In contrast, the requirement of personal jurisdiction is not a "matter of sovereignty," but "individual liberty," which "can, like other [individual] rights, be waived." *Bauxites*, 465 U.S. at 702-03.

In addition, the structural nature of State immunity imposes several unique requirements governing the determination of whether a State has consented to federal-court jurisdiction: (1) "a waiver of sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign," *Sossamon v. Texas*, 563 U.S. 277, 285 (2011) (quotation marks omitted); (2) a State's consent to suit in federal court "must be unequivocally expressed" *PennEast Pipeline Co.*, 141 S. Ct. at 2258 (quotation marks omitted); and (3) "there is no place for the doctrine of constructive waiver in our sovereign-immunity jurisprudence." *Coll. Sav. Bank*, 527 U.S. at 678 (quotation marks omitted).

Personal-jurisdiction jurisprudence does not include these restrictions. Instead, "[a] variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court." *Ins. Corp. of Ireland*, 456 U.S. at 703; *Burger King Corp.*, 471 U.S. at 472 n.14 ("because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court,"); *see Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion Y Produccion*, 832 F.3d 92, 102 (2d Cir. 2016) (imposing implied waiver on personal-jurisdiction defense); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114,

3

134 (2d Cir. 2011) (exercising personal jurisdiction "through implied consent"); *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020) (personal jurisdiction "may be waived by a defendant's "express or implied consent to the personal jurisdiction of the court").

More generally, and in contrast to the Supreme Court's rejection of constructive waiver of sovereign immunity, implied waivers of individual constitutional rights are well-accepted. *See Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186 (2016) (implied consent to warrantless breath tests); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 684-85 (2015) (implied consent to proceed without an Article III judge); *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010) (implied waiver of *Miranda* rights); *Roell v. Withrow*, 538 U.S. 580, 586 (2003) (implied consent to proceed without an Article III judge); *Grayton v. Ercole*, 691 F.3d 165, 177 (2d Cir. 2012) (implied waiver of right to be present at trial).

Finally, the factual context of *College Savings Bank* is unhelpful to defendants. The plaintiff claimed that the State of Florida had impliedly consented to suit under the Lanham Act by engaging in interstate commerce. The Supreme Court explained that "there is little reason to assume actual consent based upon the State's mere presence in a field subject to congressional regulation." 527 U.S. at 680. The conduct at issue here—activities on U.S. soil by a foreign government and the payment of money to terrorists who killed and injured U.S. citizens—is highly specific and has been a focus federal legislation for decades without objection from defendants.[1]

---

[1] *See*, *e.g.*, Taylor Force Act, Pub. L. No. 115-141, tit. X, 132 Stat. at 1143-47 (2018) (codified at 22 U.S.C. § 2378c-1); Palestinian Anti-Terrorism Act of 2006, Pub. L. No. 109-446, 120 Stat. 3318 (2006) (codified at 22 U.S.C. § 2378b); Middle East Peace Commitments Act of 2002, Pub. L. No. 107-228, tit. VI, § 601-04, 116 Stat. 1394, 1394-96 (2002); PLO Commitments Compliance Act of 1989, Pub. L. No. 101-246, tit. VIII, 104 Stat. 76(1990); Anti-Terrorism Act of 1987, Pub. L. No. 100-204, § 1002, 101 Stat. 1406, 1406-07 (codified at 22 U.S.C. § 5201).

Having closely tracked the PSJVTA,[2] and having received written notice of its passage within days of enactment,[3] defendants were well aware that they would be consenting to personal jurisdiction if they engaged in the specified conduct. Thus their conduct was *knowing*. And defendants make no claim of coercion. So their conduct was *voluntary* as well.

    4. The Government correctly gives no credence to defendants' separation-of-powers argument. U.S. Br. 19 n.12. The PSVJTA is a proper exercise of legislative power. Indeed, Article III expressly allocates to Congress the power to exercise "'control over the jurisdiction of the federal courts.'" *Patchak v. Zinke*, 138 S. Ct. 897, 906 (2018) (quoting *Trainmen v. Toledo, P. & W.R. Co.,* 321 U.S. 50, 63–64 (1944)). Moreover, Congress may always supply a "new legal standard effectuating the lawmakers' reasonable policy judgment." *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1326 (2016). Statutes properly exercise legislative power if they "[leave] for judicial determination whether any particular actions [fall within] the new prescription." *Id.* "Applying laws implementing Congress' policy judgments, with fidelity to those judgments, is commonplace for the Judiciary." *Id.*

## CONCLUSION

The Court should deny the motion to dismiss the complaint for lack of personal jurisdiction.

Dated: August 27, 2021
      New York, New York

                                      Respectfully submitted,

                                      THE LAW OFFICE OF JEFFREY FLEISCHMANN, P.C.

---

[2] *See* Squire Patton Boggs (US) LLP, FARA Supp. Statement (Dec. 31, 2018), Att. D, https://efile.fara.gov/docs/2165-Supplemental-Statement-20190131-30.pdf.

[3] Letter from Tejinder Singh to Hon. Mark J. Langer (Dec. 26, 2019), *Shatsky v. Palestine Liberation Org.*, No. 17-7168 (D.C. Cir. Doc. No. 1821532).

By: ___/s/_____
    Jeffrey Fleischmann, Esq.
150 Broadway, Suite 900 New York, NY 10038
Tel: 646-657-9623
Fax: 646-351-0694
Email: jf@lawjf.com

- and –

THE SILVERMAN LAW FIRM
Samuel Silverman, Esq.
16 Squadron Blvd.
New City, NY 10956
Tel: 845-517-0351
Email: silvermans@silvermanlaw.net

*Counsel for Plaintiffs*

THE LAW OFFICE OF ALLEN SCHWARTZ, ESQ.
Allen Schwartz, Esq.
2635 Nostrand Ave Brooklyn, NY 11210
Tel: 347-460-5379
Email: allen@allenschwartzlaw.com
*Of-Counsel to The Law Office of Jeffrey Fleischmann, P.C*